UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BARBARA L. HENDERSON and J. DAVID HENDERSON, | ) ) ) | |
| *Plaintiffs*, | ) ) | 1:23-cv-02153-JMS-MG |
| vs. | ) ) | |
| JAZMYN P. MYERS and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| *Defendants*. | ) | |

**ORDER**

Defendants removed this matter to this Court on the basis of diversity jurisdiction. [Filing No. 1.] The Notice of Removal did not properly allege a basis for this Court's diversity jurisdiction, so the Court required Defendants to file an Amended Notice of Removal that properly alleged such. [Filing No. 6.] Defendants' have filed an Amended Notice of Removal that adequately alleges a basis for the Court's diversity jurisdiction, but in their respective Answers to Plaintiff's state court complaint, both Defendants state that they do not have sufficient information to admit some of the jurisdictional allegations. [Filing No. 11; Filing No. 16.] These inconsistencies leave the Court unable to determine whether the facts upon which diversity jurisdiction is based are disputed.

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). The Court must know the details of the underlying jurisdictional allegations because parties cannot confer jurisdiction on the Court simply

by stipulating that it exists. See *Evergreen Square of Cudahy v. Wisconsin Housing and Economic Development Authority*, 776 F.3d 463, 465 (7th Cir. 2015) ("the parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement…and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*").

Accordingly, in order for the Court to determine whether it has diversity jurisdiction over this matter, the parties are **ORDERED** to conduct whatever investigation is necessary and file a joint jurisdictional statement by **February 14, 2024**, properly setting forth each party's citizenship and whether the amount in controversy exceeds $75,000, exclusive of interest and costs.  If agreement cannot be reached on the contents of a joint jurisdictional statement, competing statements must be filed by that date.  The filing of the joint jurisdictional statement will satisfy Plaintiffs' obligations under Local Rule 81-1(b).

Additionally, Federal Rule of Civil Procedure 7.1(a)(2) provides:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. §1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement.  The statement must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed in or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under §1332(a).

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has filed a Rule 7.1 Disclosure Statement, but it does not provide its citizenship.  [Filing No. 15.]  The citizenship of a mutual insurance company turns on the corporate form it is considered to be by applicable state law.  See *Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 551 (7th Cir. 1988) (noting that Texas law rendered Texas mutual insurance company an unincorporated association while Minnesota law rendered Minnesota mutual insurance company a corporation).

State Farm must set forth what corporate form State Farm is considered to be under applicable state law and then set forth its citizenship accordingly. If it is considered to be a corporation, State Farm must so state and must provide its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006) (a corporation has two places of citizenship: where it is incorporated and where it has its principal place of business). If it is considered to be an unincorporated association, State Farm must so state and must provide "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*, 336 F.3d 541, 542 (7th Cir. 2003). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.* at 543. State Farm is **ORDERED** to file an Amended Rule 7.1 Disclosure Statement by **February 14, 2024**, which adequately sets forth its citizenship.

Date: 1/31/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**